IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD L. WILLIAMS<br>(TDCJ No. 2159164), | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2823-C-BN |
| | § | |
| LOU STERRETT COUNTY JAIL, ET<br>AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ronald L. Williams, now a Texas prisoner, has filed a *pro se* civil rights

complaint raising a constitutional claim of deliberate indifference based on care that

he received at the Dallas County jail. *See* Dkt. No. 3. This resulting action has been

referred to the undersigned United States magistrate judge for pretrial management

under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States

District Judge Sam R. Cummings. Williams was allowed to amend his claim through

his verified response to the Court's screening questionnaire. *See* Dkt. Nos. 5 & 9. And

the undersigned now enters these findings of fact, conclusions of law, and

recommendation that, for the reasons explained below, the Court should dismiss his

complaint as amended – and thus this action – with prejudice for his failure to state

a claim on which relief may be granted.

**Applicable Background**

In the complaint as filed, Williams alleges that, in July 2017, he was advised by

a doctor at the jail that "a lump on the left side of [his] forehead ... would have to be taken off by surgery ... only after [he] was taken off blood thinners." Dkt. No. 3 at 2. But, two days later, the lump was removed without first removing Williams from blood thinners, and, after the procedure, he "was sent back to [his] cell ... with a bandage that was already soaked with blood." *Id.* An officer at the jail sent Williams back to the infirmary, the bandage was changed, "and by the time [he] got back to the cell it was soaked again." *Id.* He went back to the infirmary, but the bleeding continued for 9.5 hours. *See id.* at 2-3. Williams was then transported to Parkland Hospital, where the bleeding continued for another 5 hours. *See id.* at 3.

After reviewing these allegations, the Court issued a screening questionnaire, explaining:

> You have brought a claim under the Eighth Amendment based on medical care you received at the Dallas County jail.
> But not all claims that medical care received was insufficient rise to the level of a constitutional violation. For example, the complaints about the care received must be that better care was necessary, not just desirable. And an Eighth Amendment violation only occurs when, objectively speaking, prison officials acted or failed to act with deliberate indifference to a substantial risk of serious harm. For example, even if prison officials know of a substantial risk, no Eighth Amendment violation may occur if they respond reasonably to that risk, even if the harm is not ultimately averted. So, delays in providing medical care do not rise to the level of a constitutional violation unless the delay results in substantial harm. And an incorrect diagnosis, a disagreement with medical treatment, or a failure to provide additional medical treatment – alone – does not constitute deliberate indifference.
> With these standards in mind, please explain how the medical care you received amounted to deliberate indifference under the Eighth Amendment.

Dkt. No. 5 at 3.

Williams filed a verified response, explaining, in substance, that the doctor's proceeding with the operation without first taking him off blood thinners itself amounted to deliberate indifference and that "delays after operation by officials and medical staff caused harm bleeding and more blood loss caused emotional damage to me." Dkt. No. 9.

## Legal Standards

Where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-

(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

Although a court generally cannot look beyond the pleadings to determine whether claims should be dismissed, the pleadings here include Williams's verified response to the Court's screening questionnaire [Dkt. No. 9]. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)). Through the use of questionnaires – approved "to aid in the determination of whether a complaint [filed *in forma pauperis*] is frivolous" – a court is able to "'focus[] precisely on [the] factual allegations, puncturing the conclusion balloon in which they may at first be lodged.'" *Id.* (quoting *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985)).

And, "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not

required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

## Analysis

To the extent that, at the time of the incident alleged in the complaint as amended, Williams was detained pretrial at the jail, "there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). Through the procedural and substantive due process guarantees of the Fourteenth Amendment, then, "the deliberate indifference standard articulated ... in *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994), applies to pretrial detainees." *Thomas v. Mills*, 614 F. App'x 777, 778 (5th Cir. 2015) (per curiam) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc)).

Alleging a claim under the applicable standard implicates two components: "(1) 'objective exposure to a substantial risk of serious harm'; and (2) 'that prison officials acted or failed to act with deliberate indifference to that risk.'" *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)).

> Substantial harm includes "lifelong handicap, permanent loss, or considerable pain." *Garett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Although "'not every twinge of pain suffered as a result of delay in medical care is actionable,'" when the pain suffered during the delay is substantial, the prisoner "'sufficiently establishes the objective element of the deliberate indifference test.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)), *overruled on other grounds, Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

*Custard v. Armijo*, No. 15-cv-00448-GPG, 2015 WL 2407103, at *4 (D. Colo. May 9, 2015) (citation modified).

"[D]eliberate indifference to a prisoner's serious medical needs ... equates to the 'unnecessary and wanton infliction of pain.'" *Carlucci*, 884 F.3d at 538 (quoting *Gregg v. Georgia*, 428 U.S. 153 (1976)). And "'a serious medical need' [is] 'one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required.'" *Id.* (quoting *Gobert*, 463 F.3d at 345 n.12); *see also id.* (noting that "when 'balancing the needs of the prisoner against the burden on the penal system, the district court should be mindful that the essential test is one of medical necessity and not one simply of desirability'" (quoting *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. Unit A 1981))).

Thus, a plaintiff must allege facts to show that a state actor was

> "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Therefore, to avoid liability, "[p]rison officials charged with deliberate indifference might show ... that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent."

*Hyatt*, 843 F.3d at 177 (quoting *Farmer*, 511 U.S. at 837, 844).

But an allegation "that an official was aware of a substantial risk to inmate safety does not alone establish deliberate indifference." *Id.* Indeed, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* (quoting *Farmer*, 511 U.S. at 844). In that respect, a delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). And an incorrect diagnosis, a disagreement with medical treatment, or a failure to provide additional medical treatment – alone – does not constitute deliberate indifference. *See Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"A prison official acts with deliberate indifference only if 'he knows that inmates face a substantial risk of serious bodily harm ... [and] disregards that risk by failing to take reasonable measures to abate it.'" *Hyatt*, 843 F.3d at 179 (quoting *Gobert*, 463 F.3d at 346); *see, e.g., Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (to establish an Eighth Amendment violation, a plaintiff must show that medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs").

Here, while Williams may allege medical negligence based on the procedure going forward before he was taken off blood thinners, his allegations do not rise to the

-7-

level of a constitutional violation.

Based on his factual allegations, as amended by his verified questionnaire response, the alleged excessive bleeding after the procedure did not by itself amount to a substantial harm. And, even if – for purposes of screening – the doctor's operating without first taking Williams off the blood thinners amounts to exposing Williams to the risk of a substantial harm, none of Williams's factual allegations support the second component of a deliberate indifference claim. The facts he has alleged instead show that officials at the jail acted promptly to remedy the excessive bleeding. *Cf. Moore v. Medical*, No. 4:14CV138-DMB-SAA, 2015 WL 13732018, at *2 (N.D. Miss. June 1, 2015) ("Moore's injuries (lacerations requiring sutures to repair) were treated within a few hours, and the only consequence related to the delay in treatment is that the wounds bled some during the delay. Moore has not, however, alleged that he suffered 'substantial harm' from loss of blood during the delay; thus, under *Mendoza, supra*, he has failed to state a claim for denial of medical care upon which relief could be granted, and this claim should be dismissed."), *rec. adopted*, 2016 WL 406370 (N.D. Miss. Feb. 2, 2016).

And, because the Court has offered Williams an opportunity to amend his deliberate indifference claim through his verified questionnaire response after apprising him of the factual allegations necessary to support to such a claim, the Court should dismiss this action with prejudice. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's

questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Recommendation

The Court should dismiss Plaintiff Ronald L. Williams's complaint as amended – and thus this action – with prejudice, under 28 U.S.C. § 1915A(b)(1), for his failure to state a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE